McGAFF v. SCRIMSHIRE.

(Court of Civil Appeals of Texas. Ft. Worth. March 1, 1913. Rehearing Denied March 22, 1913.)

1. APPEAL AND ERROR (§ 548*)—QUESTIONS REVIEWABLE — SUFFICIENCY OF EVIDENCE — STATEMENT OF FACTS.

In the absence of a statement of facts, assignments raising the insufficiency of the evidence to support the judgment must be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

2. LANDLORD AND TENANT (§ 209*)—OBLIGATION OF TENANT—SUBLEASING—EFFECT.

A tenant who makes a sublease is not thereby released from his obligation to return the property, on the expiration of the lease, in as good condition as he received it, ordinary wear and tear alone excepted, where the landlord did not consent to the sublease, or where the sublease was not made with any agreement on the landlord's part that the tenant should be released.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 832–834; Dec. Dig. § 209.*]

3. LANDLORD AND TENANT (§ 160*)—FAILURE TO RETURN PROPERTY ON EXPIRATION OF LEASE—DAMAGES.

Where a tenant, obligated to return the property on the expiration of the lease in as good condition as he received it, ordinary wear and tear alone excepted, received the possession of an engine worth $400, and the engine, when returned by him, was worth $300 less, the landlord was damaged in the amount of the depreciated value.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 612–626; Dec. Dig. § 160.*]

Appeal from Tarrant County Court; Chas. T. Prewett, Judge.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Action by W. B. Scrimshire against C. P. McGaff. From a judgment for plaintiff, defendant appeals. Affirmed.

Morris Rector and Poulter & Johnson, all of Ft. Worth, for appellant. Baskin, Dodge & Eastus, of Ft. Worth, for appellee.

CONNER, C. J. We hardly think it necessary to discuss appellant's assignments specifically, believing as we do that a general disposition will be sufficient.

[1] There is no statement of facts, and it is therefore clear that all assignments urging the insufficiency of the evidence to support the judgment must be overruled, for the reason that we have no means of determining, other than from the court's findings, what the evidence was.

[2] There is no basis in the court's findings of fact for the contention that, inasmuch as appellant had leased the premises in controversy to Pittinger, the former must be released; for nowhere in the findings does it affirmatively appear that appellee consented to such sublease of the premises, nor does it appear in such findings that the sublease was made with any understanding or agreement on appellee Scrimshire's part that appellant was to be released from the original obligation alleged and shown to return the property upon the expiration of the lease in as good condition as he received it, ordinary wear and tear alone excepted.

[3] Nor can it be said from the court's findings that it does not sufficiently appear that appellee was damaged, or that the amount of the damages is not sufficiently specific. The court finds that at the time of the delivery to appellant of the engine in controversy it was of the reasonable market value of $400, but that at the date of its return it was of a reasonable market value of $300 less. It necessarily follows as a legal consequence that appellee was damaged, and damaged in the amount of the depreciated value as found by the court; it being a well-recognized principle that "Id certum est quod certum reddi potest." This certain damage so found by the court was within the appellant's contract, and for which he was therefore liable.

No other suggestion requiring discussion occurs to us, and the court's conclusions of fact and law are therefore adopted, and the judgment is affirmed.