## MEADOWS v. LOVELY.

No. 13229—Opinion Filed June 12, 1923.

Rehearing Denied July 10, 1923.

(Syllabus.)

1. **Landlord and Tenant—Relation Between Owner and Purchaser of Land.**

The relation of landlord and tenant does not exist between the owner of land and the person taking possession of it under contract for purchase.

2. **Same—Tenant Orally Contracting for Purchase—Nature of Occupancy—Liability for Rents.**

Where the tenant in possession orally contracts for the purchase of leased premises, his subsequent possession will be presumed to be under the lease unless it be clearly shown to result from subsequent agreement and by reason of its terms; and he will be held liable for rents for the use and occupancy thereof unless it does clearly appear that his possession is under the contract.

3. **Same—Occupancy as Tenant—Recovery for Improvements.**

Where the occupancy is that of tenant, a recovery for improvements made can be had, if at all, under the law applicable to landlord and tenant, and not under the law relating to improvements made while in possession under color of title.

Error from District Court, Lincoln County; Hal Johnson, Judge.

Action by Ida Belle Meadows against R. M. Lovely for rents. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions.

W. L. Johnson, for plaintiff in error.

Foster & Feuquay, for defendant in error.

COCHRAN, J. The plaintiff in error filed suit against the defendant in error to recover rents alleged to be due her for the years 1919 and 1920, upon certain lands in Lincoln county, Okla. The parties will hereinafter be referred to as they appeared in the lower court.

Defendant answered by general denial, and as an affirmative defense alleged that he had entered into an oral contract for the purchase of the west 80 acres of the land from the plaintiff about November, 1918, for the sum of $2,200, and, pursuant to the agreement, defendant went into possession of the premises; that the plaintiff had refused to carry out her part of the contract although defendant had performed all the conditions on his part; and asked for specific performance of the contract and an accounting. The plaintiff in her reply denied the contract pleaded in the defendant's answer, and alleged that the improvements, which had been placed on her lands, were placed thereon over her protest.

The case was submitted to the jury on instructions in which the jurors were informed that if they found from the preponderance of the evidence that for the years 1919 and 1920 defendant was the tenant of the plaintiff and occupied and farmed the lands in controversy, and that the defendant was indebted to plaintiff for rents on said property, then they would return a verdict for the plaintiff; and they were further instructed that, if the plaintiff did not establish those facts by a preponderance of the evidence, or if the jurors believed that plaintiff and defendant entered into a contract by which plaintiff agreed to sell to defendant the 80 acres of land in controversy for a certain consideration, and that the defendant went into possession of the 80 acres of land in pursuance of said contract, and if they found from the evidence that the plaintiff thereafter refused to carry out the terms of the contract and defendant at all times since making the contract had been ready and willing to carry out the

terms of the contract and pay the plaintiff the consideration agreed upon, then the verdict should be for the defendant. The jury returned a verdict for the defendant, and judgment was rendered thereon.

Plaintiff assigns as error the overruling of the demurrer to the evidence and cross-petition and the overruling of the request for a directed verdict in favor of the plaintiff, and error in giving instructions. The evidence in the case shows that George Fick at the time of his death was the owner of the southeast quarter of section 28, in township 4 north, range 4 east, and left as his heirs the plaintiff and three children, one of whom thereafter died. The defendant is the son-in-law of the plaintiff, and some seven years prior to the filing of this suit entered into possession of the lands as tenant of the plaintiff. The defendant claims that while occupying these lands as the tenant of the plaintiff, he entered into a verbal agreement with the plaintiff by which the plaintiff agreed to convey to the defendant the west 80 acres of the land, the same to be conveyed as soon as a guardian's sale could be made of the interest of the minor heirs, and that he took possession of the 80 acres under this agreement and continued to occupy the lands during the years 1919 to 1921, inclusive. The testimony of the defendant also showed that during that period he placed a portion of the lands in cultivation and erected a small house, and probably made other improvements. He admits that the house was constructed after the plaintiff refused to sell him the land, but testified that the house was built with the consent of the plaintiff. The plaintiff contended that the house was constructed over her objection and protest. It is our opinion that a verdict should have been directed for the plaintiff, and in view of that holding it is not necessary to discuss the other assignments of error.

No contention is made by the defendant that the oral contract for the conveyance of the lands in controversy was valid and enforceable; but the defendant contends that the testimony, showing that an oral contract of purchase was made and that he held possession during the years 1919 to 1921, inclusive, under the agreement, was sufficient to show that the relation of landlord and tenant did not exist between the plaintiff and the defendant, and hence he was not liable to the plaintiff for rents. We agree that the relation of landlord and tenant does not exist between the owner of the land and the person taking possession of it under a contract to purchase, and we

also agree with the general statement of law contained in 25 R. C. L. 720, which is cited by defendant as follows:

"* * * Where the vendor is the one who refuses to perform and takes advantage of the defense of the statute. In such a case the vendee cannot be held liable for use and occupation prior to the vendor's disaffirmance of the contract. In case of an oral exchange of lands accompanied by an exchange of possession, which is unenforceable on account of the statute. neither party can recover rents of the other."

The distinction to be made between the rule just announced and the case at bar is that the undisputed testimony shows that the defendant had been in possession of the lands in controversy as a tenant of plaintiff for a period of five years before it is claimed the oral agreement to purchase was executed, and while the defendant claims that he thereupon took possession of the 80 acres under this contract, yet there is no testimony in the record showing an agreement between the parties to surrender the possession as a tenant and substitute the possession under the contract. In Shield v. Horbach (Neb.) 68 N. W. 524, the court said:

"Where the tenant in possession orally contracts for the purchase of the leased premises, his subsequent possession will be presumed to be under the lease, unless it is clearly shown that he holds under the contract of purchase."

The testimony in the instant case not only does not clearly show that the possession resulted from a contract to purchase, but there is no testimony whatever tending to show that the possession resulted from such contract. In Bigler v. Baker (Neb.) 58 N. W. 1026, it is said:

"It is a well-established rule that where one is in possession, as tenant, at the time he contracts for the purchase of the demised premises, his subsequent possession will be presumed to be under the lease, unless it be clearly shown to result from the subsequent agreement. 1 Sugd. Vend. 162, 163; Johnson v. Glancey. 4 Blackf. 94; Mahana v. Blunt, 20 Iowa, 142."

It is therefore our opinion that under the evidence in this case. the possession of the defendant was one of tenant, and the plaintiff was entitled to recover rent for the use and occupation of the lands.

This brings us to a consideration of the contention made by the defendant that an allowance should be made to the defendant for the improvements placed on the property. The question of the right to compensation for improvements as between land-

lord and tenant is not here involved, as defendant has not asked for compensation for these improvements on the ground that they were placed thereon for the landlord by the tenant; but he relies upon the right to recover because the improvements were placed on the premises while he occupied same under the verbal contract to purchase. Our conclusion reached above, that the undisputed evidence in this case shows that the occupancy in the instant case was not under the contract of purchase, precludes the defendant from receiving an allowance on this ground, because if the occupancy was one of tenant and not under contract to purchase, then a recovery for improvements made must be upon the law relating to landlord and tenant, and not under the law relating to improvements made under color of title.

For the reasons stated, the judgment of the trial court is reversed, and cause remanded, with directions to grant a new trial.

McNEILL, V. C. J., and NICHOLSON, HARRISON, and MASON, JJ., concur.