## HENRY H. CROSS CO. v. RICE.
### No. 4409.

Circuit Court of Appeals, Seventh Circuit.
Dec. 12, 1930.

Rehearing Denied Feb. 16, 1931.

Louis L. Dent and Charles Y. Freeman, both of Chicago, Ill., for appellant.

Dan C. Flanagan and Ben F. Heaton, both of Ft. Wayne, Ind., for appellee.

Before ALSCHULER and SPARKS, Circuit Judges, and FITZHENRY, District Judge.

SPARKS, Circuit Judge.

This is an appeal from a money judgment rendered for appellee, as lessor, against appellant, as lessee, growing out of a written lease dated December 8, 1924, and covering a period of time from January 1 to December 31, 1925. The lease purported to lease certain land, buildings, and equipment which constituted a petroleum oil refining plant. The action is founded on an alleged breach by lessee of its covenant to return part of leased property to lessor at the termination of the lease in as good condition as when leased, natural wear and decay only excepted.

Appellant filed two paragraphs of answer, the first being a general denial, and the second seeking to partially answer that part of the complaint which sought to recover rent, but that issue was not submitted to the jury, and both parties have regarded it as withdrawn.

Besides a considerable amount of real estate and buildings, the lease included an entire refining plant, consisting of tanks, stills, machinery of every character, pipes and connections, boilers, pumps, agitator, tools, wrenches, threading machines used in and about the plant, and office furniture and fixtures. It provided for the payment as rental of $750 on the first and fifteenth of each month, in advance, with option to lessee to purchase at $80,000. Lessee was to keep the property insured at lessee's expense, in favor of lessor, in the sum of $50,000, and to keep up all repairs during the occupancy. The lease further provided that if in the operation of the plant lessee should use and operate the Fleming cracking still and scrubbing tower, it should be used according to a contract existing between the Portland Oil & Refining Company and the M. W. Kellogg Company, from whom it was formerly purchased, and subject to the conditions and requirements of the Richard Fleming Company, patentee and licensor of such apparatus. Lessee further agreed, in case it used such apparatus, to pay all royalties which by said license were to be paid by Portland Oil & Refining Company, and in case lessee did not use the cracking still and scrubbing tower it was not to pay the royalties.

The lease contained a provision that lessee "enters into this contract depending upon the condition that said party (lessee) will be able to make satisfactory arrangements with the Indiana Pipe Line Company for the purchase of crude oil on or before the 31st day of December, 1924, and if said arrangements are not made at or before said time

942

then this contract and option is to be of no effect."

It further provided that for any breach on the part of lessee the lease should be deemed forfeited and terminated, and that at the end of the lease the lessee should surrender to lessor, without notice or demand, the possession of all the property so leased in as good condition as it then was, natural wear and decay excepted.

Appellee contended that the cracking still and scrubbing tower and the boilers were not surrendered by appellant to appellee in as good condition, natural wear and decay excepted, as they were at the time appellant received them under the lease.

Appellant contended it was not able to make satisfactory arrangements with the Indiana Pipe Line Company on or before December 31, 1924, or at any other date, for the purchase of crude oil, of which fact appellee had notice, by reason of which facts the written lease became of no effect; and that thereupon the parties agreed verbally that appellant should take possession of the premises on February 1, 1925, pay rent, and operate the plant on a month to month basis from that date, instead of from January 1, so long as appellant could obtain crude oil upon a satisfactory basis, and that there was no reference in the oral agreement as to the condition of the property upon its return.

■ The written lease was put in evidence, and there was testimony given to the effect that appellant took possession of the plant some time in January, and that oil was received at the plant by appellant as early as January 17. These facts were sufficient to constitute a prima facie case in favor of appellee on the issue of appellant's possession under the written lease, and the burden was then upon appellant to disprove this fact if it so desired. Williams v. Vreeland (C. C. A.) 244 F. 346; Pacific Portland Cement Co. v. Reinecke, 30 Cal. App. 501, 158 P. 1041; Meadows v. Lovely, 90 Okl. 182, 216 P. 452. This appellant attempted to do by offering testimony to the effect that its possession was under the alleged oral lease. This issue was submitted to the jury, and it found adversely as to the existence of such oral lease. It is quite true that Cross was the only witness who testified concerning the existence of the oral lease, but the jury evidently believed that his testimony was not sufficient to preponderate over the presumption of possession under the written lease, and we cannot disturb this finding.

■ We are next confronted with the contention that the written lease never went into effect, by reason of the fact that appellant was never able to make satisfactory arrangements with the Indiana Pipe Line Company on or before December 31, 1924, for the purchase of crude oil. We regard this as a condition subsequent; but whether or not this is true, it is one which appellant might waive without vitiating the contract. We think that both parties construed the condition as a subsequent one. The lease was signed and delivered on December 8, 1924; and on December 4 appellant purchased insurance on the plant to the extent of $50,000, as required by the written lease, and it was assigned to appellee on March 9. This transaction was not necessary unless the written lease was in force. Both parties evidently thought that appellant had the right to cancel the lease at any time during the year on account of its failure to secure oil, for this was done after seven months' possession, and the property was surrendered to appellee.

■ The fact that appellant paid no rent for the month of January does not militate against the presumption that it went into possession and was operating under the written lease. The terms of payment of rent were a matter which appellee might waive without voiding the lease and without changing the theory of the complaint. We are convinced that appellant came into possession of the property by virtue of the written lease, and this being true, it would make no difference whether or not the rent was thereafter paid according to its terms, or whether or not appellant immediately after taking possession canceled the lease and refused to pay any rental, it was nevertheless bound to surrender the property to appellee according to the terms of the lease. It could not exercise its right under the lease and disregard appellee's rights.

■ Appellant contends that the lease was void by reason of section 12225, Burns' Ann. St. Ind. 1926. So much of this section as is pertinent to the question raised reads as follows:

"It shall be unlawful for any person to sell or barter * * * any patent right, the whole, or any part thereof, * * * or sell, barter, grant or license, or offer to sell, barter, grant or license, the right to * * * use * * * the patented article, * * * without first filing with the clerk of the court of such county copies of the letters patent. * * * *"

It is sufficient to say that this is too narrow a construction to place on this statute. Under such a construction neither retail dealers nor owners of automobiles, radios, electric sweepers, and many household articles in daily use could dispose of or rent any of them without filing in the office of the clerk of the court copies of the letters of all the patents covering each article, and upon failure to do so each would be subject to a fine of $1,000 and liability for civil damages. In any event, this part of the lease is severable from the other parts, and is not connected with that portion which is the basis of this action.

■ It is further contended that there is no evidence showing that appellant committed the acts which caused the damages complained of. Appellant proceeds on the theory that it is not liable unless it has been proved negligent. In this it is in error. This is not an action in tort on account of negligence but it is based on appellant's contract to return property at a certain time in as good condition as it was when appellant received it, natural wear and decay excepted. It has been returned, but in a worse condition than it was when appellant received it, natural wear and decay excepted. In such event it was appellant's duty to show that it is not liable therefor, and it has not done so. Rustad v. Lampert, 149 Minn. 363, 183 N. W. 843; Vaughan v. Mayo, 127 Va. 148, 102 S. E. 597.

■ There was some testimony to the effect that the apparatus was not fired properly while in appellant's possession, and this is sufficient to support the verdict. Appellant insists further that the witnesses who testified to the cause of the damages, and also to the values upon which the damages are based, were not qualified sufficiently to authorize them to give an opinion. The evidence shows that they had some experience and knowledge, and we are not concerned with the extent of it. This objection goes to the weight of their testimony rather than to their competency. The trial court is authorized to exercise a discretion in determining whether or not an opinion witness is competent to be heard, and its determination will never be disturbed unless that discretion has been abused. We are not convinced that it was abused in this case. Terre Haute & Logansport R. R. v. Crawford, 100 Ind. 550.

■ Appellant claims that the court erred in instructing the jury that the measure of damages is the difference in value of the property at the time it was received and the time it was returned, natural wear and decay excepted. It insists that the proper measure is the cost of repairs, and the cases cited in support thereof are cases in which failure to make repairs is involved. But this is not such a case, and the court properly charged the jury in respect thereto. McGaff v. Scrimshire (Tex. Civ. App.) 155 S. W. 976; Daggett v. Webb, 30 Tex. Civ. App. 415, 70 S. W. 457.

■ It is further claimed that the court erred in not permitting witness Cross to testify as to his inability to secure oil and his informing appellee of that fact. The record shows that Cross did testify to such a conversation had on December 31, 1924, but that the court refused to permit him to testify to other similar conversations with appellee subsequent to February 1. We are unable to perceive that this evidence is material.

Appellant claimed that the alleged oral lease under which it says it was operating was made on December 31, 1924, or in any event before February 1, 1925. We think it may be conceded that appellant was unable to secure oil, and it informed appellee of that fact on December 21, 1924. If the oral lease was made, it could avail appellant nothing in the way of defeating this cause of action unless it was made prior to the time that appellant went into possession, which was some time in January, and its existence could not be proved by conversations relating to conditions existing later in the year. We think the subject-matter of such conversations after February 1 relative to the scarcity of oil has nothing to do with the issues submitted to the jury. It might prove the right of appellant to cancel the lease, but appellee does not deny this right. We think the District Court properly excluded this evidence.

■ Other questions relative to the obsolescence of the Fleming still, and as to whether the instant still was better or worse after it was repaired, called for conclusions, and the latter called for a comparison which rendered them objectionable, and the court did not err in so ruling.

Judgment affirmed.