MARSHALL C. HARRISON, ANNA HARRISON, MAX HOWARD *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

[No. 1-1074A157. Filed June 24, 1975. Rehearing denied August 12, 1975. Transfer denied February 25, 1976.]

*Frederick R. Spencer,* of Anderson, *Patrick Cunningham,* of Anderson, *Max Howard,* of Anderson, for appellants.

*John A. Young, Rocap, Rocap, Reese & Young,* of Indianapolis, for appellee.

LOWDERMILK, J.—This appeal presents for our review two issues, namely:

(1) Did the trial court err in granting summary judgment for defendant, State Farm Mutual Insurance Company, and,

specifically, finding that no rights of plaintiffs were affected, diminished or infringed?

(2) Did the trial court err in finding that there was no genuine issue of any material fact to be determined at a trial on the merits?

Plaintiffs-appellants filed their complaint for declaratory judgment, to which State Farm filed its answer and plaintiffs moved for judgment on the pleadings.

Thereafter, a pre-trial order was entered and State Farm filed written response to plaintiffs' motion for judgment on the pleadings.

The court treated plaintiffs-appellants' motion for judgment on the pleadings as a motion for summary judgment and so advised the parties. State Farm then filed its response thereto.

The trial court granted summary judgment in favor of the defendant-appellee (State Farm) and against Marshall C. Harrison, Anna Harrison and attorney, Max Howard.

This was followed by plaintiffs-appellants filing affidavits and brief in support of a summary judgment, which was duly considered by the court, and the following order and judgment was entered:

"... IT IS CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THE COURT that there is no genuine issue as to any material fact and controversy of this cause and that the plaintiffs' Motion for Summary Judgment should be overruled and the defendant's Motion for Summary Judgment should be granted.

IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THE COURT that the defendant, State Farm Mutual Automobile Insurance Company, had a right to demand of Selective Insurance Company repayment of the sum of $1,000.00 paid to the plaintiffs, Marshall Harrison and Anna Harrison, under the medical coverage provisions of the insurance policy in question, and that the defendant had a right to receive payment of said $1,000.00 from Selective Insurance Company under the subrogation provisions of said policy and under the medical trust agreement signed by the plaintiffs Harrison.

IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THE COURT that the

action of the defendant in demanding and receiving the payment of $1,000.00 in question has not infringed, interfered with, diminished, or affected the rights of the plaintiffs in their claim against Selective Insurance Company or its insured.

IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THE COURT that summary judgment herein be, and it is hereby entered for the defendant, State Farm Mutual Automobile Insurance Company, and that the costs of this proceeding be taxed against the plaintiffs.

ALL OF WHICH IS ORDERED, ADJUDGED AND DECREED BY THE COURT this 29th day of April 1974."

The facts of the case are comparatively simple and are not in dispute. Plaintiffs Anna Harrison and Marshall C. Harrison owned an automobile which was insured by State Farm and which was involved in a collision with another motor vehicle. This policy is not in dispute and is a part of the record.

Plaintiff-appellant Max Howard is the attorney retained by Harrisons to prosecute their claim for injuries sustained and property damage against the tortfeasors. Neither of the tortfeasors nor their insurer, Selective Insurance Company, is a party to this action.

Under the State Farm policy carried by Harrisons, the Harrisons were entitled to $500.00 medical benefits each. State Farm paid Harrisons $500.00 each, pursuant to the terms of the medical coverage.

Pursuant to the medical coverage provisions Harrisons were required to execute a medical trust agreement when disbursement of the medical pay benefits were made by State Farm.

State Farm made the payment, after which plaintiffs-appellants Harrisons retained plaintiff-appellant Max Howard as their attorney.

There had been correspondence between Harrisons and State Farm concerning Harrisons' obligation to repay State Farm in the event of *settlement or judgment*. Before suit was filed by Max Howard for the Harrisons against the tortfeasors,

the insurer of the tortfeasors, Selective Insurance Company, mailed a check to State Farm for $1,000.00. This was followed by attorney Howard making demand on State Farm for return of the $1,000.00 to Harrisons until such time as the Harrisons' dispute with the tortfeasors was settled or a judgment rendered. State Farm refused this demand, which resulted in a lawsuit and the appeal we are now entertaining.

The principal question involved herein is: May an injured person's own medical benefit insurer make demand upon and receive direct payment from the insurance carrier for a tortfeasor without regard to the rights of the injured persons and their attorney?

For us to answer this question, we must first determine and construe the subrogation provisions of the policy of insurance issued by State Farm to the Harrisons.

The policy in question provides:

"4. Subrogation. Upon payment under coverages A, B, D, D-50, F, G. H, and division 1 of W-1 and W-2 of this policy the company shall be subrogated to all of the insured's rights of recovery therefor and the insured shall do whatever is necessary to secure such rights and do nothing to prejudice them.

Upon payment under coverages C, M and divisions 3 of W-1 and W-2 of this policy the company shall be subrogated to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery which the injured person or anyone receiving such payment may have against any person or organization and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights."

We shall group the two specifications of error and treat them together, pursuant to Ind. Rules of Procedure, Trial Rule 8.3(A)(7).

Harrisons and Howard state in their brief "Subrogation of medical payment benefits is not prohibited in Indiana" and cite *Imel* v. *Travelers Indemnity Company* (1972), 152 Ind. App. 75, 281 N.E.2d 919 as authority therefor.

However, they do not quit with the above admission but contend that State Farm, as a condition precedent to payment of the medical payment benefits to Harrisons, required the execution of the "medical trust agreement" and that the "agreement" is not a subrogation agreement, as authorized by the policy, but purports to authorize State Farm to take "any action" to recover the money paid. This, Harrisons contend, is contrary to Indiana law and they rely on *American States Ins. Co.* v. *Williams* (1972), 151 Ind. App. 99, 278 N.E.2d 295 at 300, wherein this court stated:

> "The duty of the insurer to pay damages arises solely out of its contract with its insured and not by reason of any special relationship between the insurer and the uninsured motorist. *The rights acquired by the insurer upon payment to the insured are solely derivative rights of subrogation. Subrogation, in the insurance context, has been defined in Couch, Insurance 2d §§61:36 and 61:37, pages 261-263, omitting headnotes, as follows:*
>
> 'Subrogation confers no greater right than the subrogor had at the time the surety or indemnitor became subrogated. The subrogated insurer stands in the same position as the subrogor, for one cannot acquire by subrogation what another, whose rights he claims, did not have.
>
> The identity of a cause of action is not changed by the subrogation of an insurer thereto. Thus, the subrogation results only in a change in the beneficial ownership of the cause and has no effect on the character or underlying basis of a cause of action.
>
> The right of subrogation is purely derivative as the insurer succeeds only to the rights of the insured, and no new cause of action is created. In other words, the concept of subrogation merely gives the insurer the right to prosecute the cause of action which the insured possessed against anyone legally responsible for the latter's harm; and this is so even though the right of subrogation is expressly declared by the statute.'
>
> Thus, the insurer stands in the shoes of the insured and takes no rights other than those which the insured had, . . ."
> (Emphasis added.)

We agree that the law in Indiana is as stated in *Imel* v. *Travelers Indemnity Company, supra.* We cannot agree with

Harrisons' contention that the "medical trust agreement" is not an agreement for subrogation. This agreement does not affect subrogation rights but is a written and binding agreement to show Harrisons were paid the amount due them for medical losses and to hold in trust for the benefit of State Farm all rights of recovery Harrisons may have under their policy against any person legally liable for such bodily injuries from which the medical expenses emanated and assigns to State Farm the proceeds of any settlement for medical expenses.

The duty of an insurer to pay damages arising solely out of contract with its insured was heretofore set out in this opinion by quoting from *American States Ins. Co.* v. *Williams, supra.*

At the time of this settlement attorney Howard had not been employed by Harrisons and he could not be heard to complain that he was deprived of a fee as a result of this subrogation settlement.

In the case of *Imel* v. *Travelers Indemnity Co., supra,* this court discussed the distinction between an assignment of a claim for personal injuries and subrogation as follows:

> "We agree with the majority of the jurisdictions which make a distinction between an assignment of a claim for personal injuries and subrogation of one's rights arising from a personal injury. *A few of the distinctions are: subrogation secures contribution and indemnity, whereas assignment transfers the entire claim; the consideration in subrogation moves from subrogor to subrogee, whereas in an assignment the consideration flows from assignee to assignor; assignment contemplates the assignee being a volunteer, whereas subrogation rests on a contractual duty to pay; assignment normally covers but a single claim, whereas subrogation may include a number of claims over a specific period of time; subrogation entails a substitution, whereas assignment is an outright transfer.* (Cases cited omitted.) . . .
>
>        \*    \*    \*
>
> Thus, subrogation is contrary to neither case or statutory law, nor can it be said to be illegal, in this jurisdiction." (Our emphasis.)

Attorney Howard urges that his efforts on behalf of Harrisons was a catalyst which caused the tortfeasors' insurer to pay State Farm $1,000.00. He then sets out the queries: (1) of his rights to compensation for his efforts and (2) asks, can it realistically be argued that no one's rights have been affected, diminished or infringed?

We have heretofore determined that State Farm, by its contract with Harrisons, was subrogated to their rights under the medical coverage of the policy; that attorney Howard had nothing to do with the payment by the tortfeasors' insurer to State Farm, and that all proceedings performed were pursuant to State Farm's policy.

There is no evidence in the record that attorney Howard performed any services on behalf of State Farm which was pursuing its own claim against the tortfeasors without any intervention or services on the part of attorney Howard. Neither is there any record that an attorney-client relationship was created between State Farm and Mr. Howard.

We now hold that the trial court correctly found that no rights of plaintiffs (Harrisons) were affected, diminished or infringed and correctly granted summary judgment for State Farm.

We further find that there was no genuine issue of any material fact to be determined by a trial on the merits.

Ind. Rules of Procedure, Trial Rule 56—Summary Judgment; IC 1971, 34-5-1-1. See, also, *Hewitt* v. *Millis* (1974), 159 Ind. App. 684, 309 N.E.2d 162; *Tapp* v. *Haskins* (1974), 160 Ind. App. 117, 310 N.E.2d 288; *Houston* v. *First Federal Savings and Loan* (1969), 144 Ind. App. 304, 246 N.E.2d 199; *Brutus* v. *Wright* (1975), 163 Ind. App. 366, 324 N.E.2d 165.

Judgment Affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 330 N.E.2d 126.