# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 14 2017, 8:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James P. Cavanaugh, III
Cavanaugh Law
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE AMBER N. YOST

Katherine J. Noel
Jacob D. Winkler
Noel Law
Kokomo, Indiana

ATTORNEY FOR APPELLEE GRETCHEN L. POEHLER

Christopher P. Meyer
Law Offices of the Liberty Mutual Group
Merrillville, Indiana

ATTORNEY FOR APPELLEE MANDY SHEARER

Carolyn A.M. Burbrink
Nationwide Mutual Insurance Company
Trial Division
Carmel, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Indiana Farmers Mutual
Insurance Company,

*Appellant-Plaintiff,*

v.

March 14, 2017

Court of Appeals Case No.
79A02-1606-CT-1407

Appeal from the Tippecanoe
Superior Court

The Honorable Randy J. Williams,
Judge

| | |
|---|---|
| Amber N. Yost, Gretchen L. Poehler, Mandy Shearer, and Anne K. Nania, | Trial Court Cause No. 79D01-1011-CT-91 |
| *Appellees-Defendants.* | |

**Bradford, Judge.**

# Case Summary

[1] In 2005, Appellees-Defendants Amber N. Yost, Gretchen L. Poehler n/k/a Broman ("Poehler"), Mandy Shearer, and Anne K. Nania (collectively, "the Appellees") and Amber Scott signed leases ("the Leases") for, and were living in, the two units of a West Lafayette duplex owned by Kay Lee, LLC. At the time, Appellant-Plaintiff Indiana Farmers Mutual Insurance Company was Kay Lee's liability carrier. In May of 2006, a fire occurred in the duplex, causing more than $100,000.00 damage to both units and common areas.

[2] Indiana Farmers paid on Kay Lee's claim arising out of the fire and, in 2010, brought a subrogation suit against Scott and the Appellees, alleging negligence and breach of the Leases. All but Poehler, whose surname had by this time changed to Broman, returned service and made appearances. In 2012, Yost filed a motion to dismiss, which motion the trial court granted as to both counts. In 2014, Scott was dismissed from the lawsuit by stipulation.

[3]     In 2015, Indiana Farmers served an alias summons on Poehler, who appeared and filed a motion to dismiss for failure to prosecute. Shearer and Nania moved for summary judgment on the basis that no genuine issue of material fact existed as to the question of whether they had breached the Leases. The trial court granted Poehler's motion to dismiss and Shearer and Nania's motion for summary judgment. Indiana Farmers claims that all of the trial court's orders dismissing the various claims against the Appellees were erroneous. We agree with Indiana Farmers that the trial court erred in dismissing the negligence and contract claims against Yost, and remand for further proceedings. We affirm the trial court's judgment in all other respects.

## Facts and Procedural History

[4]     On or about July 26, 2005, Kay Lee entered into the Leases for both halves of a duplex in West Lafayette: with Scott and Poehler for unit 422-1 and with Yost, Shearer, and Nania for unit 422-2. On or about May 9, 2006, a fire occurred in the duplex which caused damage to both units and common areas totaling more than $100,000.00.

[5]     Indiana Farmers, who was Kay Lee's insurer, paid on the claim and, on November 18, 2010, filed suit against Scott and the Appellees for negligence and breach of the Leases they executed with Kay Lee. On November 23, 2010, summonses were issued for Scott and the Appellees. By December 10, 2010, Scott, Yost, Shearer, and Nania had returned service and, by January 3, 2011, had all entered appearances.

[6]     On February 21, 2012, Yost moved to dismiss or, in the alternative, for judgment on the pleadings. Yost argued that Indiana Farmers' negligence claim was not filed within the applicable statute of limitations (an argument she would later abandon) and its contract claim must fail for a lack of privity with the Lease between her and Kay Lee. On July 2, 2012, the trial court issued an order on Yost's motion, concluding that Indiana Farmers' negligence claim was filed within the relevant statute of limitations but that Indiana Farmers' lacked privity with the Lease between Yost and Kay Lee. The trial court dismissed both of Indiana Farmers' claims against Yost. On August 1, 2012, Indiana Farmers filed a motion to correct error,[1] which the trial court denied on August 20, 2012. On September 19, 2012, Indiana Farmers moved to have the matter certified for interlocutory appeal, which motion the trial court denied on October 12, 2012. On December 4, 2014, a joint stipulation was entered dismissing Scott as a party with prejudice, apparently because she was no longer living in the duplex when the fire occurred.

[7]     On November 4, 2015, Indiana Farmers moved for a status conference and for the trial court to reconsider its refusal to certify its ruling granting Yost's motion to dismiss for interlocutory appeal. On November 6, 2015, Indiana Farmers issued an alias summons on Poehler, whose surname was now Broman; Poehler filed an appearance on December 10, 2015.

---

[1] Indiana Farmers acknowledges that a motion to correct error was not appropriate at that point because the trial court's order on Yost's motion was not a final, appealable order.

[8] Meanwhile, on December 9, 2015, Shearer moved for summary judgment on the basis that the Leases did not specifically allow Indiana Farmers to collect its subrogated damages in this case. Nania eventually joined Shearer's summary judgment motion. On January 11, 2016, Poehler moved to dismiss on the basis that Indiana Farmers had not properly served her and had failed to state a claim upon which relief could be granted in any event. On April 26, 2016, the trial court held a hearing on pending motions. On May 26, 2016, trial court granted Nania and Shearer's motion for summary judgment and Poehler's motion to dismiss.

[9] Indiana Farmers contends that the trial court's order dismissing both claims against Yost was clearly erroneous as the ground cited did not apply to its negligence claim, Indiana Farmers was not required to be in privity with the Leases in order to maintain its subrogation claims against the Appellees, the Leases permit recovery of Indiana Farmers' subrogated damages because they prohibit waste by tenants and require the tenants to return the property in good condition, and the trial court erred in granting Poehler's motion to dismiss.

[10] Yost argues that even if the trial court incorrectly dismissed Indiana Farmers' claims against her for the reason cited, the record still supported the dismissal; Indiana Farmers lacked the necessary privity to bring a contract suit against her; and there is no indication that Yost breached her Lease in any event. Poehler argues that the trial court properly dismissed Indiana Farmers' claims against her because she was not timely served and because the Lease attached to the complaint was the one executed by Yost, Shearer, and Nania for unit 422-2 and

not the one she executed for unit 422-1. Shearer argues that the trial court properly granted summary judgment in her favor because Indiana Farmers failed to designate evidence sufficient to sustain a finding that she breached her Lease.

# Discussion and Decision

## I. Whether the Trial Court Abused its Discretion in Granting Poehler's Motion to Dismiss

Although it is not entirely clear, the trial court apparently dismissed Indiana Farmers' claims against Poehler for failure to prosecute pursuant to Indiana Trial Rule 41(E), which provides as follows:

> (E) **Failure to prosecute civil actions or comply with rules.** Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

Specifically, Poehler argues dismissal was proper on the basis that Indiana Farmers provided her with deficient service.

> The Indiana rules, like the federal rules, have an appropriate mechanism in Ind. Rules of Procedure, Trial Rule 41 for

dismissing a complaint for failure to diligently prosecute an action and, consequently, adequate protection against unreasonable delay in serving process. The failure to diligently prosecute a case includes the failure to exercise due diligence in securing service of process. T.R. 41(E) provides if there has been a failure to comply with the rules or if no action has been taken on a case for 60 or more days the trial court on its own motion or upon motion of a party shall order a hearing for the purpose of dismissing the case.… The nondiligent party, at or before the hearing, has an opportunity to show cause as to why his claim should not be dismissed for failure to prosecute. If the court in its discretion determines due diligence was not exercised, dismissal of the cause of action ensues.

*Geiger & Peters, Inc. v. Am. Fletcher Nat. Bank & Trust Co.*, 428 N.E.2d 1279, 1282-83 (Ind. Ct. App. 1981) (some citations and footnote omitted).

[13]   Indiana Farmers filed suit in this case in November of 2010, and, despite no response, appearance, or any other indication that Poehler was even aware of the lawsuit, made no further attempt at service until November of 2015. We have little trouble concluding that Indiana Farmers' delay of over five years is presumptively unreasonable. Consequently, the burden fell on Indiana Farmers to show cause why its lack of diligence should be excused, which burden the trial court apparently concluded[2] that Indiana Farmers did not carry.

---

[2] Poehler also argued below that Indiana Farmers' complaint should be dismissed as to her as Indiana Farmers only attached the Lease signed by Yost, Shearer, and Nania. At the April 26, 2016, hearing, however, the trial court said the following regarding this argument: "I'm not really excited about that argument in terms of dismissing the case, so." Tr. pp. 48-49.

[14] Indeed, Indiana Farmers did not (and does not) argue that it was diligent in attempting to secure service on Poehler, only that Rule 41(E) does not apply under the circumstances of this case. We find Indiana Farmers' arguments to be unpersuasive. Indiana Farmers' first argument is that Rule 41(E)'s provisions do not apply to only one defendant out of many in a lawsuit. In other words, the claims against one defendant cannot be dismissed when the same claims are being diligently pursued against other defendants. There is, however, no basis for this in the Rule's language, and Indiana Farmers has not provided us with case law that supports the proposition.

[15] Indiana Farmers' second argument is that dismissal on Rule 41(E) grounds is not appropriate because, despite a significant delay, it had resumed active prosecution against Poehler. To support this argument, Indiana Farmers relies on the Indiana Supreme Court's opinion in *State v. McClaine*, 261 Ind. 60, 300 N.E.2d 342 (1973):

> A motion to dismiss for want of prosecution should not be granted if the plaintiff resumes diligent prosecution of his claim, even though, at some prior period of time, he has been guilty of gross negligence.
> The burden is clearly on the defendant to timely file a motion to dismiss pursuant to TR. 41(E). That is to say, the defendant must file his motion after the sixty-day period has expired and before the plaintiff resumes prosecution. The defendants in this case moved to dismiss after the plaintiff filed its request for trial and thereby failed to meet the requirements of TR. 41(E).

*Id.* at 63, 300 N.E.2d at 344 (some citations omitted).

[16]    *McClaine*, however, is easily distinguished:  The opinion makes it clear that the defendant in that case was properly served and aware of the lawsuit against it, as it answered the State's complaint.  *Id*. at 61, 300 N.E.2d at 343.  In this case, there is no indication in the record that Poehler had any knowledge of Indiana Farmers' lawsuit before November of 2015, roughly five years after it had been filed.  We are at a loss to understand how we could require a defendant to file a Rule 41(E) motion to dismiss a case of which she is not even aware.  Indiana Farmers' reliance on *McClaine* is unavailing.  Indiana Farmers has failed to establish that the trial court abused its discretion in granting Poehler's motion to dismiss.[3]

## II.  Whether the Trial Court Abused its Discretion in Granting Yost's Motion to Dismiss

> We review the trial court's grant or denial of such a motion to dismiss [for failure to state a claim upon which relief can be granted] pursuant to Trial Rule 12(B)(6) de novo.  *Snyder v. Town of Yorktown*, 20 N.E.3d 545, 550 (Ind. Ct. App. 2014) (citing *Caesars Riverboat Casino, LLC v. Kephart*, 934 N.E.2d 1120, 1122 (Ind. 2010)), *trans. denied.*  A motion to dismiss under Trial Rule 12(B)(6) "'tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief.'"  *Veolia Water Indpls., LLC v. Nat'l Trust Ins. Co.*, 3 N.E.3d 1, 4 (Ind. 2014) (quoting *Trail v. Boys & Girls Clubs of Nw. Ind.*, 845 N.E.2d 130, 134 (Ind. 2006)), *clarified on reh'g,* 12 N.E.3d 240.

---

[3] Because we decide this issue on Trial Rule 41(E) grounds, we need not address Poehler's argument that Indiana Farmers' case against her should have been dismissed because Indiana Farmers failed to attach the Lease she actually signed to its complaint.

> When evaluating the trial court's grant or denial of a Trial Rule 12(B)(6) motion, we accept as true the facts alleged in the complaint, and only consider the pleadings in the light most favorable to the plaintiff and draw every reasonable inference in favor of the non-moving party. *Snyder*, 20 N.E.3d at 550. We will affirm a dismissal under Trial Rule 12(B)(6) only if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Id.* (citing *LBM Realty, LLC v. Mannia*, 981 N.E.2d 569, 577 (Ind. Ct. App. 2012)).

*Lockhart v. State*, 38 N.E.3d 215, 217 (Ind. Ct. App. 2015).

## A. Negligence

[17] Indiana Farmers contends that the trial court erroneously dismissed its negligence claim against Yost. Indiana Farmers notes that the trial court specifically concluded that Indiana Farmers' negligence claim was filed within the applicable statute of limitations and that the ground upon which its contract claim was dismissed, even if valid, has nothing to do with its negligence claim. We agree with Indiana Farmers. The trial court specifically found that Indiana Farmers' negligence claim was filed within the applicable statute of limitations, which was the only argument made by Yost before withdrawing it.

[18] Yost argues that the trial court was within its discretion to dismiss Indiana Farmers' negligence claim because the record contained independent bases for dismissal. Yost cites the arguments advanced in Shearer's and Scott's motions to dismiss, served on June 7 and July 29, 2011, respectively, and in which motions Yost orally joined. Shearer and Scott both argued that dismissal of

Indiana Farmers' claims was appropriate due to failure to comply with discovery orders pursuant to Trial Rule 37(B)(2)(c) and failure to prosecute pursuant to Trial Rule 41(E). Yost, however, does not identify any rule violations specific to her, only identifying alleged rule violations as they relate to Shearer. Yost has failed to identify an independent ground that would support the trial court's dismissal of Indiana Farmers' negligence claim against her.

## B. Breach of Contract

[19] Yost argues that Indiana Farmers failed to state a claim upon which relief could be granted based on the Lease because Indiana Farmers lacks privity with the Lease. Indiana Farmers contends that, as Kay Lee's subrogee, it stands in Kay Lee's shoes and may assert Kay Lee's rights pursuant to the Lease.

[20] It is true that "[g]enerally, only those who are parties to a contract or those in privity with a party have the right to enforce the contract." *Mislenkov v. Accurate Metal Detinning, Inc.*, 743 N.E.2d 286, 289 (Ind. Ct. App. 2001). That said, subrogation is a doctrine of equity well-established in Indiana which "applies whenever a party, not acting as a volunteer, pays the debt of another that, in good conscience, should have been paid by the one primarily liable." *Erie Ins. Co. v. George*, 681 N.E.2d 183, 186 (Ind. 1997).

> When a claim based on subrogation is recognized, "a court substitutes another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the right of the creditor in relation to the debt." It is settled that "[s]ubrogation

confers no greater right than the subrogor had at the time the surety or indemnitor became subrogated. The subrog[ee] insurer stands in the same position as the subrogor, for one cannot acquire by subrogation what another, whose rights he claims, did not have." The ultimate purpose of the doctrine, as with other equitable principles such as contribution, is to prevent unjust enrichment.

[21] *Id.* (internal citations omitted). *See also Bank of N.Y. v. Nally*, 820 N.E.2d 644, 651 (Ind. 2005) ("Subrogation arises from the discharge of a debt and permits the party paying off a creditor to succeed to the creditor's rights in relation to the debt."); *Harrison v. State Farm Mut. Auto. Ins. Co.*, 164 Ind. App. 569, 573, 330 N.E.2d 126, 129 (1975) ("The right of subrogation is purely derivative as the insurer succeeds only to the rights of the insured, and no new cause of action is created. In other words, the concept of subrogation merely gives the insurer the right to prosecute the cause of action which the insured possessed against anyone legally responsible for the latter's harm.") (citation omitted).

[22] Here, Indiana Farmers is attempting to do nothing more than pursue whatever causes of action that Kay Lee might have against Yost (and the other Appellees) arising out of the duplex fire. As mentioned, the doctrine of subrogation exists to prevent unjust enrichment, and preventing Indiana Farmers from recovering on a claim that Kay Lee *would* have recovered on— after Indiana Farmers paid out on Kay Lee's behalf—strikes us as unjust, whether that claim sounds in tort or contact. In any event, Yost points to no case that creates an exception to the doctrine of subrogation for rights arising out of contract, and our research has uncovered none. Indiana Farmers is not

prevented from pursuing claims against Yost arising out of her Lease for a lack of privity. We conclude that the trial court erred in dismissing Indiana Farmers' contract claim against Yost.

## III. Whether the Trial Court Erred in Granting Shearer and Nania's Motion for Summary Judgment

[23] The trial court apparently granted summary judgment in favor of Shearer and Nania on the basis that Indiana Farmers had not established that there was a genuine issue of material fact as to whether Shearer or Nania had actually breached their Lease.[4]

> When reviewing a grant or denial of a motion for summary judgment our standard of review is the same as it is for the trial court. *Kroger Co. v. Plonski*, 930 N.E.2d 1, 4 (Ind. 2010). The moving party "bears the initial burden of making a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law." *Gill v. Evansville Sheet Metal Works, Inc.*, 970 N.E.2d 633, 637 (Ind. 2012). Summary judgment is improper if the movant fails to carry its burden, but if it succeeds, then the nonmoving party must come forward with evidence establishing the existence of a genuine issue of material fact. *Id.* In determining whether summary judgment is proper, the reviewing court considers only the

---

[4] At some point, it seems that Indiana Farmers either abandoned the negligence claim against Shearer or it was dismissed. The record contains some indications that Shearer was out of town when the fire occurred in the duplex and that it did not start in her room. In any event, when Shearer argued to the trial court that the negligence action against her had been abandoned, Indiana Farmers did not contradict her.

Moreover, although only Shearer makes this argument on appeal, her summary judgment motion below was joined by Nania. Because we have already concluded that a lack of privity does not bar the contract claims against Yost, Shearer, and Nania, we must address whether there are genuine issues of material fact as to breach as to Shearer and Nania.

evidentiary matter the parties have specifically designated to the trial court. *See* Ind. Trial R. 56(C), (H). We construe all factual inferences in the non-moving party's favor and resolve all doubts as to the existence of a material issue against the moving party. *Plonski*, 930 N.E.2d at 5. The fact that the parties have filed cross-motions for summary judgment does not alter our standard for review, as we consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. *Hardy v. Hardy*, 963 N.E.2d 470, 473 (Ind. 2012).

*Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012).

[24]   Indiana Farmers argues that summary judgment against Shearer and Nania was inappropriate because there exist genuine issues of material fact as to their potential liability pursuant to provisions prohibiting "waste" and their obligation to return the property in clean and good condition, apart from reasonable wear.

[25]   The Lease provides, in part, as follows:

> The Tenant agrees to mow yards and to maintain the leased premises, yards, decks, porches, and approaches in a clean, safe, sightly and healthful condition at Tenant's own expense. Tenant will keep all walks and approaches free from litter, snow and ice. No trash shall be stored in hallways or outside of entry doors. Tenant shall pay all charges for service and repair to kitchen and bathroom appliances and fixtures resulting from neglect by Tenant. *Tenant will not commit waste or misuse of the property, and will return the premises to Landlord upon expiration, or other termination of the Lease for whatever reason, clean and in good condition, with the exception of reasonable wear occurring during the term of the Lease.*

Appellant's App. Vol. IV p. 85 (emphasis added).

## A. Waste

[26] Indiana Farmers contends that there is a genuine issue of material fact that Shearer and Nania committed "waste" in breach of their Lease. Waste has been defined in Indiana as "the destruction, misuse, alteration, or neglect of the premises by one lawfully in possession to the prejudice of an estate or interest therein of another." *Beiger Heritage Corp. v. Kilbey*, 676 N.E.2d 784, 787 (Ind. Ct. App. 1997) (citation omitted), *trans. denied*. Indiana Farmers acknowledges that either an affirmative act or neglect on the part of at least one of the Appellees is necessary to establish that waste occurred. Despite Indiana Farmers' contention that the fire at the duplex must have been caused by one of the tenants' negligence, it has designated no evidence tending to show this. The only designated material indicating that one of the tenants caused the damage through negligence is contained in Indiana Farmers' complaint, and allegations of negligence, without more, are not evidence. Indiana Farmers' allegations of negligence are insufficient to generate a genuine issue of material fact on the question of waste.

## B. Return in Good Condition

[27] Indiana Farmers also argues that there is a genuine issue of material fact as to whether Shearer and Nania violated their obligation to return the property in good condition, with the exception of reasonable damage. Indiana Farmers argues that if the property was damaged beyond reasonable wear when returned to Kay Lee, the burden is on Shearer and Nania to show why they should not be held liable. Although there is some non-binding authority to that effect, *see*

*Henry H. Cross Co. v. Rice*, 45 F.2d 940, 943 (7th Cir. 1930) ("It has been returned, but in a worse condition than it was when appellant received it, natural wear and decay excepted. In such event it was appellant's duty to show that it is not liable therefor, and it has not done so."), we think the better rule is to require the landlord to establish liability, not require the tenant to establish the lack of it.

> The provision for returning the premises in as good condition as received, ordinary wear and tear excepted, was a rule of common law and is usually understood to mean no more or less when inserted in contemporary contracts. It includes that usual deterioration which results from the day to day use of the premises and from lapse of time. *Scott v. Prazma*, Wyo., 555 P.2d 571, 579. *It does not cover a deterioration resulting from negligence. International & G. N. R. R. Co. v. Young*, (Tex. Civ. App.) 72 S.W. 68.

*Raybestos-Manhattan, Inc. v. Friedman*, 275 S.E.2d 817, 819 (Ga. Ct. App. 1981) (emphasis added). A reasonable inference to be drawn from the emphasized language above is that it is the landlord's burden to establish that excessive damage to leased property was caused by the tenant's negligence, not the tenant's burden to disprove it.

[28] This result is also consistent with Indiana's well-established rule that "[w]hen there is ambiguity in a contract, it is construed against its drafter." *MPACT Const. Grp., LLC v. Superior Concrete Constructors, Inc.*, 802 N.E.2d 901, 910 (Ind. 2004). Because the Lease does not make clear whose burden it is to establish that the leased property was not in "good" condition upon return, or that any

wear was "unreasonable," the rule supports a conclusion that the burden be put on the landlord to establish the facts necessary to support tenant liability. As mentioned, Indiana Farmers has not designated evidence that would, if true, carry its burden to show that the damage to the duplex is the result of negligence, recklessness, or intentional acts on the part of Shearer and Nania. Consequently, the trial court did not err in entering summary judgment in favor of Shearer and Nania.

# Conclusion

[29] We conclude that the trial court did not abuse its discretion in dismissing Indiana Farmers' claims against Poehler for failure to prosecute. We further conclude that the trial court erred in dismissing Indiana Farmers' negligence and contract claims against Yost, and we remand for further proceedings on those claims. Finally, we conclude that the trial court did not err in entering summary judgment in favor of Shearer and Nania on Indiana Farmers' contract claims.

[30] The judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings.

Vaidik, C.J., and Brown, J., concur.